Jelke, J.
Having heretofore approved the findings and conclusions of the court of common pleas (Smith,J.,7 Nisi Prius, 609), herein, this case now comes on for further consideration as to whether or not Mrs, Hewitt’s joining in the Case deed, undertaking thereby to convey her claimed estate of $30,000 ($20,000 and $10,000), and releasing her dower interest in all the property described in said deed, is still to be held operative, said Case deed having been construed by us to have a different effect from that in contemplation of the parties at the time of signing, and under the statute to inure to the benefit of all creditors.
Having found that she took nothing in the attempt to give her a thirty thousand dollar estate, the question of release of dower only remains.
This is not a case of setting aside a deed made to defraud creditors, as in Woodworth v. Paige, 5 Ohio St., 70, and Ridgway v. Masting, 23 Ohio St., 294, but the case of a deed still being treated as a conveyance, but by virtue of the statute given a certain effect.
It is only as to Charles Hewitt’s property that this deed is treated as a general assignment to inure to the benefit of Charles Hewitt’s creditors.
*731 So far as Mrs. Hewitt’s dower interest is concerned the statute does not apply. There was ample consideration in the scaling down of their claims and in the extension of time to Hewitt moving from the creditors of Hewitt to sustain Mrs. Hewitt’s release of dower. As to the amounts of the claims of the creditors intended to be covered by the Case deed, Mrs. Hewitt’s release of dower will be held operative and given full force and effect; as to all other creditors otherwise.